**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM VARDEMAN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-3242 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

William Vardeman alleges that a City of Houston employee working to control traffic at Houston's Hobby Airport assaulted him while he was picking up his family at the airport. He sued the City of Houston and the employee, Rickey Dewayne Simpson, in state court, alleging federal civil rights violations. (Docket Entry No. 1-6). The City removed based on federal question jurisdiction, then moved to dismiss under Rule 12(b)(1) and Rule 12(b)(6), and Simpson moved to dismiss for failure to state a claim under Rule 12(b)(6). (Docket Entry Nos. 14, 15).

Based on the motions, the response, the record, and oral argument held in December 2020, the court grants the City of Houston's motion to dismiss and grants and denies in part Simpson's motion to dismiss. The claims that remain are against Simpson, under § 1983, for allegedly violating Vardeman's Fourth Amendment rights and, under state law, for assault. The reasons for these rulings are set out below.

I.    **The Complaint Allegations**

In September 2018, Vardeman flew into Hobby Airport in Houston on a business trip. (Docket Entry No. 12 ¶ 6). His family took a later flight to join him, and he returned to the airport to pick them up. (*Id*. ¶¶ 7–8). Vardeman parked in the passenger area and, while trying to

communicate with his wife and daughter, did not immediately comply with traffic officers' requests to move his car forward. (*Id.* ¶¶ 9–12). While Vardeman was opening his tailgate to load his family's luggage into the car, the traffic attendant approached him again and said "I told you to move your fucking car." (*Id.* ¶13). Vardeman explained that his family was right there and that he would move as soon as the bags were loaded. (*Id.*). The traffic attendant called backup. (*Id.*). As Vardeman finished loading his family and bags into the car, he was approached by Simpson, who yelled into his face, "[y]ou need to move the fucking car or I will whip your bitch ass." (*Id.* ¶ 15). Vardeman's daughter, who was holding her baby, tried to separate the two men, but Simpson "forcefully pushed" her. (*Id.* ¶ 16). Simpson and Vardeman then scuffled. Simpson allegedly hit Vardeman with a closed fist, knocking him to the ground and "menacing" him. (*Id.* at 17–18). Vardeman called City of Houston police officers to the scene. The officers reviewed the security footage and asked why Simpson had approached Vardeman. (*Id.* at ¶ 20).

Vardeman asserts claims against the City for Fourth and Fourteenth Amendment violations, mental anguish, negligence, and deliberately indifferent or negligent hiring and management. (*Id.* at 18–20). He asserts state-law claims against Simpson for assault and battery, mental anguish, and federal-law claims under 42 U.S.C. § 1983. (*Id.* at 18–19).

## II.     The Legal Standards

### A.     Rule 12(b)(1) and Lack of Jurisdiction Based on Sovereign Immunity

Rule 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1)

the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B.     Rule 12(b)(6) and Pleading Deficiencies

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court must "construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

III.    **The Claims Against the City**

A.      **The State-Law Tort Claims and Immunity**

The City of Houston challenges subject-matter jurisdiction as to the claims against it, arguing that, as a governmental unit, it is immune from suit for deliberately indifferently or negligently hiring Simpson, and from respondeat superior or agency liability for Simpson's allegedly tortious acts.  The court agrees.

"In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *see also* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (including cities in the definition of "governmental units" for purposes of the Texas Tort Claims Act).  The Texas Tort Claims Act waives governmental immunity for specific types of tort claims, including: (1) the use of motor-driven vehicles or equipment, (2) the condition or use of personal property, and (3) premises defects.  *See* TEX. CIV. PRAC. & REM. CODE § 101.021; *Texas Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) ("The Tort Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.").

Vardeman has not identified a waiver of immunity encompassing his state-law claims against the City.  Governmental immunity deprives this court of subject-matter jurisdiction under *Miranda*, 133 S.W.3d at 224.  The City's Rule 12(b)(1) motion to dismiss Vardeman's deliberately indifferent or negligent hiring claims and his respondeat superior and agency claims is granted.

B.      **Federal-Law Municipal Liability Claims Under § 1983**

The City argues that Vardeman has not pleaded facts that plausibly allege municipal liability under 42 USC § 1983.  (Docket Entry No. 15 at 9–10).  "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the

4

Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government may not be sued under § 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. Instead, it is "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983." *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). To allege a plausible claim under § 1983 against a municipality, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

Vardeman alleges that when he went to pick up his family from the airport in September 2018, he got into an altercation with a "Houston Airport System" employee about where he had stopped his car. (Docket Entry No. 1-6 at 3–4). He alleges that the employee, Simpson, approached him to make him move his car and pushed Vardeman's daughter, who was holding his granddaughter. When Vardeman reacted by pushing Simpson away from his daughter, Simpson punched him in the face. Vardeman called 911 and two Houston Police Department officers arrived, reviewed security footage, and asked why Simpson had aggressively approached Vardeman, seemingly unprovoked.

In his amended complaint, Vardeman lists a hodge-podge of unrelated incidents of Houston police and correctional officer violence in an attempt to show that Simpson's actions were part of a "custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately," in violation of the Fourth and Fourteenth Amendment. (Docket Entry No. 12 ¶ 33).

Vardeman does not assert that the Houston police officers assaulted him. To the contrary, he alleges that he called them to the scene to protect him after Simpson's "assault" and that they took his side against Simpson.

None of the facts that Vardeman alleges about the altercation with Simpson or the other airport employees show that the airport employees engaged in a pattern or practice of assaultingpeople at the airport, that the incident was the product of a failure to train the employees, or that the City was deliberately indifferent to the risk of the assault. The Fifth Circuit has rejected § 1983 claims based on one incident. *See Sanchez v. Young Cty., Texas*, 866 F.3d 274, 280 (5th Cir. 2017) ("Plaintiffs' claim fails on several fronts. First, the principal evidence of the alleged 'policy or custom' arises from . . . this single case. To be unconstitutional, however, a municipal entity's policy that derives from custom or practice must be 'so common and well settled as to constitute a custom that fairly represents municipal policy'" (quotation omitted)).

Alleging a string of unrelated incidents involving different types of police acts in disparate contexts does not address this deficiency because the alleged incidents do not show a relevant "pattern." As the City points out in its motion to dismiss, "[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Vouchides v. Houston Cmty. Coll. Sys.*, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 845 (5th Cir. 2009). Vardeman has provided a list of alleged bad acts, but he has not alleged or shown that the bad acts he cites have any connection to his altercation with an airport employee. He has not pleaded a cognizable § 1983 claim against the City of Houston, and the City's motion to dismiss the § 1983 claims is granted.

**IV. The Claims Against Simpson**

    **C. The State-Law Tort Claims**

Simpson argues that Vardeman's tort claims against him are barred by the election of remedies provision in the Texas Tort Claims Act. Vardeman sued Simpson in his official capacity as a city employee and he sued the City. (Docket Entry No. 14 at 6). In his response and at oral argument, Vardeman clarified that, pleading in the alternative, he sues Simpson in his personal capacity, not under the Texas Tort Claims Act. (Docket Entry No. 16 at 5).

Under Texas law, assault occurs when a person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another. . . ;

(2) intentionally or knowingly threatens another with imminent bodily injury . . . ; or

(3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative.

*City of Watauga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014). Vardeman alleges facts showing intent, physical contact, and harm. He has stated a claim for assault.

    **D. The § 1983 Claims**

Simpson argues that Vardeman has not stated a § 1983 claim against him because Vardeman has not plausibly alleged that Simpson acted under color of state law. Alternatively, Simpson argues that he is entitled to qualified immunity from Vardeman's § 1983 claims.

        **1. Action Under Color of State Law**

Vardeman has pleaded that Simpson assaulted him in his individual capacity and, in the alternative, alleges that Simpson violated his Fourth and Fourteenth Amendment rights while acting under color of state law. To state a claim under § 1983, "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege

or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Vardeman alleges that Simpson approached him in response to a call for backup from another airport employee, that Simpson approached him in his capacity as an airport employee, and that the police subsequently described the incident as involving an "airport employee striking [a] man and the man falling to the ground." (Docket Entry No. 12 at 3–4). Vardeman plausibly alleged that Simpson acted under color of state law.

### 2. Qualified Immunity

Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Flores v. City of Palacios*, 381 F.3d 391, 393–94 (5th Cir. 2004). A court must determine whether a statutory or constitutional right would have been violated on the facts alleged, *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002), and whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395 (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

If the law was clearly established at the time of the incident, the court must decide whether the defendant's conduct was objectively reasonable. *Aucoin*, 306 F.3d at 272. An official's conduct is objectively reasonable unless a reasonable person in the defendant's circumstances would have known that the conduct violated the Constitution. *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his or her conduct was objectively reasonable. *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective &*

*Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir.1994) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

Vardeman asserts that Simpson's actions violated both his Fourteenth Amendment right to due process and his Fourth Amendment right to be free from excessive force. Vardeman's response to Simpson's motion to dismiss defends only the excessive force claim. (*See* Docket Entry No. 16 at 4, 6). The complaint makes the conclusory allegation that "the force used by [Simpson]" violated Vardeman's due process rights under the Fourteenth Amendment.

"To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of the interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks omitted). In limited circumstances, courts have also found a substantive due process violation: "an action government officials may not take no matter what procedural protections accompany [it]." *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89–90 (5th Cir. 2011) (internal quotation marks and alteration omitted). The complaint fails to describe the protected interest or to identify the claimed substantive due process allegation. The complaint does not state enough facts to state a due process claim that is plausible on its face. *See Twombly*, 550 U.S. at 555. The Fourteenth Amendment claim against Simpson is dismissed.

An excessive force claim requires (1) an injury, (2) resulting directly and only from the use of force that was clearly excessive to the need, (3) the excessiveness of which was objectively unreasonable. *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012) (citing *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009)). Vardeman alleged that Simpson hit him,

knocking him to the ground and injuring him. Vardeman's car may have been improperly parked, and airport employees had urged him to move his car before Simpson approached and punched him. Simpson knew that Vardeman had at most committed a parking violation and could see as he approached that Vardeman was loading bags into a car, as is common at the airport. Vardeman was not engaged in a dangerous activity. Simpson allegedly approached him aggressively and threatened to "whip [his] bitch ass" before striking him in the head and knocking him to the ground. The facts alleged state a claim for force was an excessive and objectively unreasonable reaction to a parking infraction. Simpson's motion to dismiss this claim is denied.

## V. Conclusion

The City of Houston's motion to dismiss, (Docket Entry No. 15), is granted. Rickey Simpson's motion to dismiss, (Docket Entry No. 14), is granted and denied in part. The assault claim against Simpson and the § 1983 Fourth Amendment claim against Simpson in his individual capacity proceed.

SIGNED on April 29, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge